MARIA D. LYDECKER

v.

THE PALISADE LAND COMPANY et al.

The provision of the act of 1879 (*P. L. of 1879 p. 340*) that taxes thereafter assessed should be a lien on the premises paramount to any alienation &c., thereof, makes such lien prior to that of a mortgage on the lands given before 1879, and is within the power of the legislature.

———

Bill to foreclose.   On final hearing.

*Mr. R. P. Wortendyke,* for complainant.

*Mr. P. W. Stagg,* for the inhabitants of the township of Palisades.

THE CHANCELLOR.

The bill is filed to reform and foreclose a mortgage on land in the township of Palisades, in Bergen county.   The mortgage was given in 1872, by Jacob S. Wetmore to the executors of Samuel R. Demarest, deceased, by whom it was assigned to the complainant.   There are no words of inheritance in it, but the estate granted is to the executors, "their survivors or survivor, or their or his successors and assigns, to them and their own proper use, benefit and behoof forever."   The mortgage was given to secure part of the purchase-money of the mortgaged premises on the conveyance thereof by the executors to the mortgagor, by deed of even date with the mortgage.   It expressly conveys the property with all and singular the tenements, hereditaments and appurtenances, and the reversions and remainders, rents, issues and profits, and all the estate, right, title, interest, property, possession, claim and demand whatsoever, as well in law as in equity, of, in and to the property.   The inten-

tion to convey a fee is evident, and the mortgage will be reformed accordingly.

The property is subject to the taxes for 1879 and 1880. The complainant insists that notwithstanding the provisions of the act entitled "A further act concerning taxes, making the same a first lien on real estate, and to authorize sales for the payment of the same," passed in 1879 (*P. L. of 1879 p. 340*), her mortgage is paramount to the lien of those taxes. That act provides that any and all taxes which shall or may thereafter be laid, assessed or imposed, pursuant to the laws of this state, against any person or persons or corporations, for or on account of any lands, tenements, hereditaments or real estate, situate, lying and being in this state, together with lawful interest thereon accruing, and all costs, fees, charges and expenses in relation to the levy, assessment and collection of said taxes, shall be, become and remain, from and after the date of such levy and assessment, a full and complete first and paramount lien on all the lands, tenements, hereditaments or real estate, on account of which such levy and assessment shall be made, for the space of two years from the time when such taxes so assessed were payable, and that any and all estates therein, whether legal or equitable, and any and all mortgages, alienations, devises, descents, liens and encumbrances of every kind and nature, of, in, upon or against such lands, tenements, hereditaments or real estate, shall be in every respect subject and subservient to the lien of the aforesaid taxes, interest, costs, fees, charges and expenses. The language of the act is too plain to admit of any question as to the intention of the legislature. But the complainant insists that the act is in contravention of her constitutional right; that it impairs the obligation of her mortgage by giving taxes priority of lien over it, such lien not having existed when her mortgage was given. But it is established that the legislature has power, by virtue of its sovereignty, to make taxes a lien upon the estate of all parties interested in the land, and to make the tax title paramount to all other and prior claims and encumbrances. *Trustees of Public Schools* v. *City of Trenton, 3 Stew. Eq. 667 ; City of Paterson* v. *O'Neill, 5 Stew. Eq. 386.* There will be a decree in accordance with these views.